IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.
05 NOV 15 PM 4:39

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| STEVEN SIMMONS, | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2490-Ma/P |
| AMALGAMATED TRANSIT UNION LOCAL 713, | X | |
| Defendant. | X | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Steven Simmons, a resident of Memphis, Tennessee, filed a pro se complaint on the form used for instituting actions pursuant to 42 U.S.C. § 1983 on July 11, 2005, along with a motion seeking leave to proceed in forma pauperis and appointment of counsel. On the basis of the information contained in the plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the defendant as the Amalgamated Transit Union Local 713.

The factual allegations of the complaint consist, in their entirety, of the following:

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-16-05

> Fed [sic] 25, 2005 Union Vice Presid. Tommy Mullin Half [?] Respresent [sic] me in my arbitration. Allowing the arbitrator William C. Braswell Jr., Esq. to change my termination reasons and not follow the contract, rules and regulations.[1]

The prayer for relief seeks "a Judicial Review of the arbitrator ruling, contract violation and compensation for all loss and punitive damages."

The Court is required to screen <u>in forma pauperis</u> complaints and to dismiss any complaint, or any portion thereof, if the action—

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiff's complaint is subject to dismissal in its entirety.

Plaintiff's complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[a] pleading which sets forth a claim for relief . . . shall contain . . . (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, and (2) a short and plain statement of the claim showing that the pleader is entitled

---

[1] To put these allegations in some context, the <u>in forma pauperis</u> affidavit indicates that the plaintiff was employed by Mid-South Transportation Management, Inc. ("MTM") until August 10, 2004. On September 7, 2004, plaintiff, through counsel, filed a complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u>, against MTM. That case, <u>Simmons v. Mid-South Transportation Mgmt., Inc., et al.</u>, No. 04-2701-Ma/P (W.D. Tenn.), is pending.

2

to relief." The Sixth Circuit has emphasized that "[a] complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Mitchell v. Community Care Fellowship, 8 Fed. Appx. 512 (6th Cir. May 1, 2001) (emphasis in original; citation omitted).

The allegations in this complaint fail to satisfy the requirements of Rule 8(a). The factual allegations are so vague, and the spelling of a critical verb in the narrative is so unclear, that it is not possible to discern what the defendant is alleged to have done, or failed to do, to injure the plaintiff. For that reason alone, the complaint fails to comply with Rule 8(a)(2).

The complaint also fails to comply with Rule 8(a)(1). The complaint was filed on the form used for commencing actions under 42 U.S.C. § 1983, which encompasses violations of the federal Constitution or federal law by individuals acting under color of state law. "A § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983 claim, defendant's actions must be fairly attributable to the state." Collyer v. Darling, 98 F.3d 211, 231-32 (6th Cir. 1997). Nothing in the complaint provides any basis for attributing state action to the defendant, and the complaint does not allege any violations of the United States Constitution or federal law.

3

Finally, although it is possible that the plaintiff intends to assert a claim under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, based on the union's breach of its duty of fair representation, the Court declines to construe the complaint as arising under that statute because the factual allegations are so indefinite that it is not possible to conclude what the plaintiff intends.

The Court ordinarily would order the plaintiff to amend his complaint to comply with the Federal Rules of Civil Procedure. That course is unavailable when a Court screens a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997). Under those circumstances, the appropriate course is to dismiss the complaint without prejudice to the plaintiff's right to commence a new action about the same subject matter, so long as the new complaint complies with Fed. R. Civ. P. 8(a).

Therefore, the Court DISMISSES the complaint, in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 8(a)(1) & (2). The plaintiff may file another action against this defendant on the same subject matter, but he cannot bring any subsequent suit under 42 U.S.C. § 1983. Because the complaint is dismissed, the motion for appointment of counsel is DENIED as moot.

The Court must also consider whether plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callahan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

5

It is therefore CERTIFIED, Fed. R. App. P. 24(a), that any appeal in this matter by plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if plaintiff files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 15th day of November, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02490 was distributed by fax, mail, or direct printing on November 16, 2005 to the parties listed.

---

Steven Simmons
2011 Rile
Memphis, TN 38109

Honorable Samuel Mays
US DISTRICT COURT